FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

2007 NOV -8  AM 11: 37

_FORT. MYERS_____ Division

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

**CIVIL RIGHTS COMPLAINT FORM**

Aaron Porter L-37704
C/O Department of Correction

CASE NUMBER:_____
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison
number, if applicable)

2: _07_ -C_V_- _729_ -FtM-34SRC

v.

(Sgt.) Kevin Batfield
(Officer) Steven T. Knipp #K5700
(Nurse) B. D. Mitts
(Officer) B. Johnson# JOBOI

Sgt. M. Dorobiala # Domo2
Sgt. R. Hynes # Hyro1
Sgt. A. Clem # Clao1
Lt. Austin
(Officer) K. Jones # Jomo1
(Officer) J. Bates.
(Inspector General) Paul C. Decker

(Enter full name of each Defendant. If
additional space is required, use the blank
area directly to the right).

_____/

**ANSWER ALL OF THE FOLLOWING QUESTIONS:**

I.   PLACE OF PRESENT CONFINEMENT: _CHARLOTTE CORRECTIONAL INSTIT._
     (Indicate the name and location)

     33123 Oil Well Road, Punta Gorda, FL 33955

II.  DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
     THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes (✓) No ( )

     [If your answer is YES, after reviewing the exhaustion requirements, answer the following
     questions]

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility.  Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion.  (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form.  If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22.  The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.    Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)?  Yes (✓) No (  )

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status?  Yes (✓) No (✓) *See complaint form more information.*

      a. If so, did you go through the informal grievance, formal grievance and appeal process?  Yes (✓) No (✓) *See complaint for more information*

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.    Informal Grievance (Request for Interview)

    1.  Did you submit an informal grievance (Form DC3-005)? Yes (✓) No (  )

    2.  If so, you must attach a copy of the grievance and response to this Complaint form.

C.    <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

    1.  Did you have a disciplinary hearing concerning this matter? Yes (✓) No (  )

    2.  If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

    3.  Did you submit a formal grievance (Form DC1-303)? Yes (✓) No (  )

    4.  If so, you must attach a copy of the grievance and response to this Complaint form.

D.    <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

    1.  Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes (✓) No (  )

    2.  If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _____, 2 _____.


_____
Signature of Plaintiff

III.   DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL
FACILITY? Yes ( ) No ( ✓)

If your answer is YES, answer the following questions.

A.   Is there a grievance procedure at your institution or jail?  Yes ( ✓) No ( )

B.   Did you present the facts relating to your Complaint in the grievance procedure?  Yes
( ✓) No ( )

C.   If your answer is YES:

1.   What steps did you take? *Filed, informal, and formal at institution
Secretary (Fdoc) And Inspector general office.*

2.   What were the results? *Granted at institution, Denied at Secretary
(Fdoc) informal no reply, and no reply by Inspector.*

3.   To demonstrate exhaustion, you must submit copies of all relevant
grievances/appeals and responses.

D.   If your answer is NO, explain why not: _____ *SEE Attachment* _____

_____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE
QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _____, 2 _____.


_____
Signature of Plaintiff

IV.   **PREVIOUS LAWSUITS:**

A.   Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No ( ✓ )

B.   Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ✓ ) No ( )

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below.  If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.   Parties to previous lawsuit:

Plaintiff(s): *Aaron Porter, DC# L-37704*

Defendant(s): *(Sergeant) Nightagale, Sheriff of Broward County, et al.*

2.   Court (if federal court, name the district; if state court, name the county):

*United States District Court / Southern District*

3.   Docket Number: *03-60732-CIV- Altonage / White*

4.   Name of judge: *Cecilia M. Altonaga*

5.   Briefly describe the facts and basis of the lawsuit: *Excessive use of force, and sexual abuse, denial of medical care for caused injury.*

6.   Disposition (Was the case dismissed?  Was it appealed?  Is it still pending?):

*Settlement (Settled out of court)*

7.   Approximate filing date: *Late 2003*

8.   Approximate disposition date: *December 21, 2005*

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted?  If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

C.

1. Parties to previous lawsuit:
   Plaintiff(s): Aaron Carl Parker

   Defendant(s): LT. DAVIS, et al.,

2. Court (if Federal Court, name the district; if State Court, name the County):
   U.S. District Court \ Southern District

3. Docket Number: 03-60743-CIV-COOKE \ BROWN

4. Name of Judge: MARCIA G. COOKE

5. Briefly describe the facts and basis of the lawsuit
   _DENIAL OF EQUAL TREATMENT, AND DUE-PROCESS_

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
   SETTLEMENT (Settled out of Court

7. Approximate filing date: UK

8. Approximate disposition date: February 13, 2006

(5 A)

HAVE FILED LAWSUITS THAT WAS DISMISSED AS FAILURE TO
STATE A CLAIM, ALL FILED ON BROWARD SHERIFF OFFICE,
DO NOT (CASE #'s). MOREOVER I AM UNDER IMMINENT
DANGER AT THE TIME OF FILING, AND ON JAN, 26, 07, SEE
(STATEMENT OF FACTS AND CLAIMS.)

V.   **PARTIES:** In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff: AARON PORTER

Mailing address: CHARLOTTE CORRECTIONAL INSTITUTION
33123 OIL WELL ROAD, PUNTA GORDA, FL 33955

B.   Additional Plaintiffs:

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant: STEVEN J. KNIPP (CO/1)

Mailing Address: 7819 N.W. 228TH STREET RAIFORD,
FLORIDA 32026

Position: CORRECTIONAL OFFICER (CO/ONE)

Employed at: FLORIDA STATE PRISON

D.   Defendant: KEVIN BARFIELD (SGT)

Mailing Address: 7819 NW. 228TH STREET RAIFORD,
FLORIDA 32026

Position: CORRECTIONAL OFFICER SERGEANT

Employed at: FLORIDA STATE PRISON

E. Defendant: _B. D. MITTS_

Mailing Address: _7819 NW 228th STREET. RAIFORD_

_FLORIDA 32026_

Position: _REGISTERED NURSE_

Employed at: _FLORIDA STATE PRISON_

F. Defendant: _PAUL C. DECKER_

Mailing Address: _2601 BLAIR STONE Rd._

_Tallahassee FL 32399_

Position: _"INSPECTOR GENERAL"_

Employed at: _FLORIDA DEPARTMENT OF CORRECTION_

G. Defendant: _A. CLEM (#CLA-01)_

Mailing Address: _33123 OiL NELL ROAD_

_PUNTA GORDA, FL 33955_

Position: _CORRECTIONAL OFFICER SERGEANT_

Employed at: _CHARLOTTE CORRECTIONAL INSTITUTION_

H. DEFENDANT: _M. DOROBIANA (# DOR-02)_

mailing Add: _33123 OiL NELL ROAD_

_PUNTA GORDA FL 33955_

position: _CORRECTIONAL OFFICER SERGEANT_

EMPLOYED OT: _CHARLOTTE CORRECTIONAL INSTITUTION_

I. DEFENDANT: R. HYNES (# HYR-01)
   Mailing Add: 33123 OIL WELL ROAD
   PUNTA GORDA, FL 33955
   POSITION: CORRECTIONAL OFFICER SERGEANT
   Employed AT: CHARLOTTE CORRECTIONAL INSTITUTION

J. DEFENDANT: B. JOHNSON (# JOB-01)
   Mailing ADD: 33123 OIL WELL ROAD
   PUNTA GORDA, FL 33955
   POSITION: CORRECTIONAL OFFICER
   Employed AT: CHARLOTTE CORRECTIONAL INSTITUTION

K. DEFENDANT: H. JONES # (JOH-01)
   Mailing Add: 33123 OIL WELL ROAD
   PUNTA GORDA FL 33955
   POSITION: CORRECTIONAL OFFICER (T.A)
   Employed AT: CORRECTIONAL CHARLOTTE INSTITUTION

L. DEFENDANT: J. BATES
   Mailing Add: 33123 OIL WELL ROAD
   PUNTA GORDA, FL. 33955
   POSITION: CORRECTIONAL OFFICER
   Employed AT: CHARLOTTE CORRECTIONAL INSTITUTION

M: DEFENDANT: AUSTIN
   Mailing Add: 33123 OIL WELL ROAD
   PUNTA GORDA, FL. 33955
   POSITION: CORRECTIONAL OFFICER (LIEUTENANT)
   Employed AT: CHARLOTTE CORRECTIONAL INSTITUTION

VI.   **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

(1) The action of defendant Knipp in using physical force against the plaintiff without need or provocation, were done maliciously and sadistically, constituted cruel and unusual punishment in violation of the Eight amendment of the United States Constitution, causing injuries, and thereby placing plaintiff under imminent danger. SEE: STATEMENT OF CLAIMS, Continued (SA)

VII.   **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1.  Name and position of person(s) involved.
2.  Date(s).
3.  Place(s).
4.  Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.  Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

(1) On January 26, 2007 between 9:00 am (and) 9:45 am while plaintiff was participating in out doors recreation, assigned to exercise cubicle (C-11); plaintiff was talking to another inmate (Lester, Aaron) when (defendant) STEVEN J. KNIPP came up to plaintiff and stated: "If you don't close your fucking mouth I will terminate your yard time." Plaintiff stated to officer Knipp, if you wish to do such, I don't care. (SGT) K. Boffien was present during the time, picked up the handcuffs and stated, "Fuck Boy, you

VII. STATEMENT OF FACTS, (CONTINUED):

(8). That on July. 11.07. at (9:34 AM), I wrote an emergency grievance/grievance of sensitive nature, for sexual harassment. wherein, Defendant. Johnson, stated: "you porter. How you going to write me up for sexual harassment", I was further threaten with bodily harm by him stating: "porter the first time I get. I am going to beat your ass, gas you, and put my finger in your ass now write and tell them that." on July. 18.07. the warden, T. Reid, denied and returned my grievance without action. stating "it was not accepted as a grievance of emergency nature".

(9). On Aug. 21. 07, at (815 AM), Defendant Bates, whom is not acting out of retaliation for Defendants, was written up on the above date for threatning not to feed me and to spit in my food tray. The internal grievance was denied merely upon the fact, Bates denied my claims.

(10). That on or about, 9/9/07, I found out that, the Defendants, had placed a inmate in my cell to, rape, and attempt to kill me. the inmate had a life sentence, and told me he was payed parts of (raps) to carry out the Defendants' wishes. that same night. being in imminent danger from Defendants, and this inmate, I refused showers. Allen this inmate to go out, I informed the officer of the same and refused to allow him back in the cell, they moved him to another wing. Defendants, came to work the next date and told me, "I got Lucky Aside, but they would get me...".

9(I).

VII. STATEMENT OF FACTS (CONTINUED):

(11). SEPT. 29.07, AT OR ABOUT (8:26 AM), DEFENDANTS, M. DOLOBIANA, AND, D. MASA, PLAYED AND ALLOWED AN INMATE TO ATTACK ME. I WAS EXITING MY CELL FOR DAY ROOM RECREATION, WHEN I NOTICED INMATE, EDDIE JONES DC# 40521, HOUSED IN. A3-111(L) EXITING HIS CELL WITH A CUP COMPLETELY FULL WITH PISS. I INQUIRED, DEFENDANTS DOLOBIANA, AND MASA OF THE SAME, THE FIRST-RESTRAINED ME, AROUND THE HIPS, AND CUFFED THE HANDS IN FRONT, AND INFORMED ME, "WE DON'T CARE, JUST SIT THE FUCK DOWN, WE TOLD YOU WE WOULD GET, PAY SOMEONE TO BEAT YOUR ASS, FOR REPORTING OUR DU'S, AND HELPING OTHER INMATES, AND THAT SHIT YOU PULLED AT (I.S.P) WITH OUR BROTHER RIPP AND BOLDEN, NOW GO SIT DOWN."...

I COMPLY AND WAS ATTACKED BY INMATE JONES, WITH HIS FEET, FIST AND THE CUP OF PISS, I WAS HIT IN THE FACE WITH IT. FORCE WAS USE ON ME BY DEFENDANTS, AND I WAS PLACED IN THE SHOWER, VIDEOTAPED, REMOVED TO SEE MEDICAL, WHOM NOTED MY INJURIES, AND THE WETNESS FROM THE CUP OF PISS, CUTS ON MY FACE, ARMS AND LEGS. I WAS NEVER RETURNED TO MY CELL, AND TOLD BY SGT. DOLOBIANA, WE TOLD YOU WE WOULD GET YOU, NOW PACK YOUR SHIT, YOU ARE BEING MOVED TO (G3-109). I REFUSED, REQUESTED TO SEE THE SHIFT. (O/C), WHICH, LT. R. AUSTIN (DEFENDANT), AND SOME TALL WHITE CAPTAIN (THE DOE) NAME UNKNOWN, FORCED ME TO PACK TO BE MOVED. DEFENDANT. AUSTIN. INFORMED ME, "WE GOT YOUR ASS NOW, WE TOLD YOU WE WOULD GET YOU". I WAS MOVED TO G3-109, AND PLACE IN THE CELL ALONE, DEFENDANT. AUSTIN STATED, "I HATE NIGGA, HOMOSEXUALS, YOU ARE A SNITCH, AND JUST KNOW WE GOT SOMETHING COMING TO YOU." THIS WAS STATED IN EAR SOUGHT OF OTHER INMATES WHOM THREATEN TO HARM ME FOR THE FACT, I WAS CALLED A "SNITCH".

9(J).

2). The actions/inactions of defendant Batfield in failing to intervene to prevent the misuse of force, were done maliciously and sadistically, constituted deliberate indifference in violation of the eight amendment of the United States constitution, causing injuries, and thereby placing plaintiff, under, imminent Danger.

3). The failure of defendants Mims, Knipp and Batfield to prove the Plaintiff adequate medical care, constituted deliberate indifference to the plaintiff's serious medical needs in violation of the eighth, and fourth amendment of the United States constitution; causing injuries and thereby placing plaintiff under imminent Danger.

4). Each defendants are sued in their individual, and official capacities.

5). All the defendants have acted and continued to act, under color of state law at all times relevant to this complaint.

6). The actions or inactions of the Secretary, Florida Department of Correction, James McDonough, to evade, and deny the formal emergency grievance, sent to his office, in doing such, he fail to intervene, to prevent plaintiff from further harm, and failure to follow, policy already mandated.

8(A)

7). THE ACTIONS OF/AND INACTIONS OF, DEFENDANT, INSPECTOR GENERAL, PAUL C. DECKER, OFFICE whom, EVADED, OR DELUDE FROM THEIR DUTY TO INVESTIGATE, AND PROTECT one FROM HARM. DEFENDANT FAIL TO INTERVINE, AFTER BEING Place ON NOTICE OF THE, MISUSE OF FORCE, WITH BODY HARM, MALICIOUSLY and SADISTICALLY, CONSTITUTED DELIBERATE INDIFFERENCE, IN Violation OF THE EIGHT AMENDMENT OF THE UNITED STATES CONSTITUTION. CAUSING INJURES, AND Thereby PLACING PLAINTIFF UNDER IMMINENT DANGER.

8). THAT DEFENDANT, BARFIELD, TRANSFERED THE PLAINTIFF FROM ("F.S.P") (FLORIDA STATE PRISON), TO CHARLOTTE CORRECTIONAL INSTITUTION. IN DOING SUCH, POINTED HIS GUN AT THE PLAINTIFF HEAD, AND THREATENED TO KILL HIM. Thereby VIOLATEING THE EIGHT AMENDMENT OF THE UNITED STATES CONSTITUTION. THE PLAINTIFF IS UNDER IMMINENT DANGER. THE ACTIONS CONSTITUTED DELIBERATE INDIFFERENCE TO THE PLAINTIFF. THE MISUSE OF THE HAND GUN WAS DONE MALICIOUSLY AND SADISTICALLY, TO CAUSE HARM.

9). THE ACTIONS / INACTIONS OF DEFENDANT'S (LT) B. Johnson, (LT) AUSTIN, (SGT) M. DOROBIALA, (SGT) R. HYNES, (SGT) A. CLEM, (OFFICER) J. BATES, (OFFICER) K. Jones, ALL ACTING UNDER THE ORDERS, OF DEFENDANTS KNIPP. AND BARFIELD, has RETALIATED AGAINST PLAINTIFF FOR THE EXERCISE OF THE FIRST AMENDMENT TO FILE GRIEVANCES, AND LAW SUITS, BOTH VIOLATING

VI. STATEMENT OF CLAIMS: (Continued.)

The 1st and 14th amendments; these violations were done maliciously and sadistically, constituted deliberate indifference. Thus causing injuries, and placing plaintiff, under imminent danger.

10). The actions/inactions of defendants, (Lt.) B. Johnson, (Lt.) Austin (Sgt.) M. Dolobiala, (Sgt.) R. Hymes, (Sgt.) A. Clem, (Officer) J. Bates, and (Officer) K. Jones, All acting under the orders, of defendants, Knipp, and Barfield. Has the Eight and 14th amendment, by filing false disciplinary reports, and sexualy harassing plaintiff, causing him to be placed on close management, and disciplinary confinment, these violations was done maliciously and sadistically, constituted deliberate indifference.

11). The actions/inactions of defendants, (Lt.) B. Johnson, (Lt.) Austin, Sgt. M. Dolobiala, and (officer) Bates, to lable the plaintiff a, "Homosexual" and a "snitch" before other prisoners, additionally, defendants who also threatened plaintiff with further physical and sexual injury, in violations of the Eight and 14th amendment to the United States constitution. To which was done, maliciously and sadistically. As opposed to the allegations that excessive force was used against plaintiff on separate instances, the court should recognizes that the impending threats, labeling plaintiff a snitch, and homosexual before other prisoners and sexual abuse is sufficient to place plaintiff

8(c)

VI. STATEMENT OF CLAIMS. (CONTINUED).

Under imminent danger of serious physical injury. Whereas plaintiff Do Dalear, He is under imminent danger.

12). The actions/inactions of defendants, M. Dolobiala, to trash my cell and remove my law books, and legal case, and trash them. Thereafter writing false disciplinary reports, Having plaintiff placed on confinement status. In violation of the 1st 14th and 8th amendment to the United States Constitution. These violations was done maliciously and sadistically. Constituted deliberate indifference.

13). The actions/inactions of defendant, M. Dolobiala, Whom payed inmate Eddie Jones, to attack the plaintiff with his hands, feet, and a cup of piss, thereafter writing plaintiff false charges of fighting, and placing him in confinement for (30) days, and moving him to another wing to be harassed by, defendant, LT. Austin. In violation of the 8th and 14th amendment to the United States Constitution. These violations constituted deliberate indifference. The plaintiff is under imminent danger of serious physical and injury.

8-(0)

Statement of Facts, continued:

don't run shit out here, turn around and cuff up." Plaintiff complied with his orders. After Plaintiff was handcuffed, (Defendant) K. Barfield and Officer Steven Knipp escorted Plaintiff off the yard and once in D-Dorm staircase/ way, Plaintiff was placed on the wall by, Defendant Barfield when Defendant, Knipp commence punching Plaintiff repeatedly about the face with his closed fist while Defendant Barfield stood by and watched the incident. During these events, Plaintiff sustained a busted top lip, swelling to the left side of his face and a busted ear drum in his left ear. Subsequent, Plaintiff was escorted off the stair case and placed in cell D-1219(3), which was the wrong cell. Minutes later, he was removed from there and placed in the correct cell D-1206. Prior to being placed in his cell, Plaintiff informed both correctional officers that he was declaring a medical emergency and was denied, requested to see the Captain or Lieutenant in charge and was denied.

VII. <u>STATEMENT OF FACTS, Continued :</u>

declared a psychological emergency and was denied. Then, plaintiff was in extreme fear of his life when he snatched the handcuff in his cell while it was still applied to one of his wrist and busted the water sprinkler head. Thereafter, the (OIC) Captain came to plaintiff's cell and plaintiff informed him of the Excessive Use of Force in which the Captain then ordered plaintiff to be moved from his Cell (D-1206S) and was escorted off of D. Wing to B. Wing, Cell (B-1305S). When Nurse B.D. Mitts made his rounds on B. Wing thereafter, plaintiff had completed a Inmate Sick Call Request and attempted to give it to him on January 27, 28, 29, and 2007 and Nurse B.D. Mitts refused to take it once he was foretold of the matter. Then, finally on January 30, 2007 Nurse B.D. Mitts collected the Inmate Sick Call Request and plaintiff was examined the next day (January 31, 2007) by Medical Staff(s) and the Nurse confirmed all plaintiff's injuries and did acknowledged that plaintiff had a Busted Ear Drum. During these events, the plaintiff did not resist or threaten the Officers in any fashion or break any prison rules.

Pursuant to prison procedure, the plaintiff filed an administrative remedy or appeal with Warden R. Bryant, pointing out that he was physical abused by a Correctional Officer while the other Correctional Officer stood by and watched and denied adequate Medical Care. Warden R. Bryant approved the appeal.

Plaintiff then filed an administrative remedy or appeal with the Secretary, Florida Department of Corrections, pointing out the same facts. The Secretary's agents denied the appeal.

VII. STATEMENT OF FACTS (CONTINUED).

Furthermore, due to the fact that the Defendants herein continually threatening to do Plaintiff further bodily harm and continually denying Plaintiff adequate medical care to his serious medical needs, Plaintiff is under imminent danger due to the ongoing constitutional rights violation of the Plaintiff, by Defendants. The Plaintiff further asserts that on March 26, 2007, he filed an inmate request with institutional warden and secretary office inquiring about the forementioned issue concerning a final determination/ disposition of the allegations herein. The requested information was not provided.

That, on or about, May 8, 07 the Plaintiff was transferred from, Florida State Prison, by the Defendant K. Barfield (personally) to, Charlotte Correctional Institution, in the hands of the, newly named Defendants. (Lt.) B. Johnson, (Lt.) Austin, (Sgt.) M. Dokobiana, (Sgt.) R. Hynes, (Sgt.) A. Chem, (Officer) K. Jones, and (Officer) J. Botes. Whom all, are now acting in retaliation upon the orders of the Defendants, Knapp, and Barfield. The Plaintiff will set forth, his "Statement of Facts" herein, upon the newly named Defendants.

(9-B)

VII. STATEMENT OF FACTS, (CONTINUED)

That on May. 8, 07. I was transferred from, (F.S.P) to Charlotte C.I. And escorted by Defendant, (SGT) K. Banfield as we were on our way from, Charlotte, to F.S.P. The Defendant, Banfield, pointed his gun at my face and threaten to shoot and kill me, then claim "I tryed to attempt escape."

Base on the fact I am no under imminent danger, and fear my life in the hands of the Defendants, and the staff of Florida Department of Correction. Defendant. K. Banfield, informed me, that once I am left at, Charlotte, the "Kick ass task force," Defendants, (LT) B. Thorsen, (LT) E. Austin, (SGT) M. Doabiaia, (SGT) F. Hynes, (SGT) A. Clem, (Officer) K. Jones, And (Officer) Bates, was going to beat me, pay other inmates to harass and beat me, have Defendants retaliate, write me false disciplinary reports and thereafter have me placed on, Close Management (I) or (II).

Upon getting off the van or Charlotte, the Defendants chained me down and pulled me to my new location, the chains caused, cuts and scues on my arms and legs. The Defendants, informed me they had their set time to make me pay in full. Thereafter the following issues took place at the hands of Defendants.

9(c).

VII. STATEMENT OF FACTS (CONTINUED).

RETALIATION, AND FALSE DISCIPLINARY REPORTS.

(2). June, 27, 07 at (10:15 AM), Lt. B. Johnson, wrote me a DR,
for 9-17, disorderly conduct, that was not processed because
it was lost in the Abyss, and could not be found.

(3). July, 26, 07 at 11:45 AM, Lt. B. Johnson, made the (T.A) (officer)
H. Jones, write and falsely write me a (D.R), disciplinary report, for
9-17, disorderly conduct, the officer claimed I was yelling out
the Back window, and refused his orders to stop. The fact of
the matter is, this did not happen as written. My cellmate,
John Leonard # 447361, was talking out the Back window,
Both Defendant, Jones and Johnson knew that is was not me
and still wrote the False report. In Sum, this was clearly
retaliation, for the 1st 9-17, D.R. that was lost in the Abyss,
Just as June 27.07, and written under false grounds.
Aug. 03.07 at. 9:15 AM, the team held the hearing on this
report, I entered a plea of not guilty, and was found "guilty,"
and placed in confinement for, 30 days. The team found me
guilty "based on officer statement" alone. The hearing was not
fair, and impartial. On, Aug 16, 07, I filed an formal grievance
or, appeal, and attached a witness affidavit from my cellmate, clearly
stating it was he and not me whom, was yelling out the back
window. He further noted, it was he, and not me that was
counseled with as the report claimed. On. Aug. 23, 07, The appeal
was denied by the warden, Johnson, and the attached affidavit
written by my cellmate was missing and not returned with
the response, therefore depriving me from appealing further.

90).

VII. STATEMENT OF FACTS. (CONTINUED)

(4). The Defendant, Sgt. M. Dorobina, wrote me a DR on July. 28. 07 at 9:55am, after he and CTA officer, F. Montes-Lebron, searched and trashed my cell, and removed some legal papers from the cell. Falsely he wrote me a 1-3 "Spoken threats," claiming, I informed Lebron, "your never going to search my cell again. I'll have your fuckn ass before you get your badge." (Defendant) Dorobina, informed me he was the "Kick ass task force," and was acting for Defendants, Knipp, Balfour, and Johnson, and was only just starting with me." The defendants placed me in the cell, A3-112, and I received copy of said charges on Aug 03. 07 at 1:03am, on Aug. 09. 07, the team held the hearing on this report, and the Defendant, Dorobina, the same staff whom wrote the report, came to my cell, and asked me "Did I wish to attend this hearing," I informed him, I did he both returned and asked me "Why, I still would be found guilty." The hearing was held without me, and I was found "guilty." "Based on officer statement." On Aug. 16. 07, I filed my formal grievance appeal, pointed out the same, and on Aug. 24. 07. The warden granted and overturned the report.

It should be noted, Defendant, Dorobina, also wrote me a DR, for. 3-12. poss. of contraband, the same as above took place, as they was written at the same time, only thing, this report was "rejected" and never made it to a hearing, however a appeal was filed the same day as above, and was denied, base on the report was "rejected." And never heard. Defendant, Dorobina, was very mad when he found, one of his reports was rejected and the other, overturned, he informed me, "He had something in store for me. Just to wait."

9(E)

VII. STATEMENT OF FACTS (CONTINUED).

(5). That on Aug 04. 07 at (12:15 AM), Defendant, Sgt. F. Hynes, came to my cell and stated: "Sgt. M. Dorobiala tell me you booting his DR's, he told me to get you, and I told him I would now beat this one." On, Aug 08. 07 at (10:10 AM), I get a copy of this defendant's DR, for 1-4, disresp. to officials, wherein he claimed: "He was conducting count in A3-dorm, when he was standing directly in front of cell, A3-112, inmate Porter stated in a loud hostile voice, get that fucking light out my face." I informed inmate Porter, I'm conducting count, inmate Porter, stated, I'm related to Warden Porter and I will have your ass and your job.. inmate Porter further stated, fuck you." In fact, this DR was totally false, I am in no way related to (assit) Warden Porter, she is white, and I am Black, defendant clearly lied. On, Aug. 09. 07 at 00:10 AM) the defendant, Dorobiala, informed me "the team was there for the hearing, did I wish to go," I informed him, I did, and was later denied by defendant, Dorobiala, the team, found me guilty, base on officer statement, and placed me in confinement for. (30 days). Defendant, Dorobiala, and Hynes, told me, "I told you we would get you, now beat this one."

On, Aug 10. 07, I filed my formal grievance with the Warden, (pointing out the same, and on, Aug. 24. 07, was granted and the report was overturned and removed from my file.

Defendants, Johnson, Dorobiala, Jones, and Hynes, found out and was even madd, they informed me, they now have to deal with me on another level.

9(5).

VII. STATEMENT OF FACTS (CONTINUED):

(6). DEFENDANT, RORBIARA, AND HYNES, further RETALIATED BY RE-WRITING THEIR DR's for 1-4, DISRESP. TO OFFICERS, AND 1-3, SPOKEN THREATS, on 9/20/07.

On 9/20/07, I wrote my internal grievance Addressed to MR. MOUNTS, HEAD OF CLASSIFICATION, pointing out the VIOLATIONS BE committed by these DEFENDANTS, AND on 9/21/07. MR. MOUNTS RESPONDED BY STATING: "YOU NEED TO FILE A FORMAL grievance if found guilty of these DR's."

On 9/20/07. (TWO) FORMAL grievances was Filed with the WARDENS OFFICE, and THE (TWO) REWRITTEN DR's was REPORTED And NEVER HEARD, THE FORMAL grievances was "DENIED," but the DR's was NOT REPORTED. DEFENDANTS Also found out ABOUT the SAME, AND INFORMED ME, "MY DAY was SOON TO COME, They would PAY SOMEONE TO, BEAT, RAPE AND Kill ME."

RETALIATION, HARASSMENT, SEXUAL HARASSMENT, THREATS on LIFE.

(7). On JUNE 27.07 OT 10:15. DEFENDANT THOREN, AS I was PARTICIPATING IN OUT-DOOR RECREATION, IN the CUBICLE, DEFENDANT THOREN Alone, WITHOUT ANOTHER STAFF MEMBER, ENTERED MY CELL, A3-112, TRASHED the CELL AND REMOVED SOME LEGAL PAPERS from MY PERSONAL PROPERTY. UPON MY RETURN TO the CELL, I NOTICED THINGS was MISSING AND the CELL was TRASHED. DEFENDANT CAME TO MY CELL, AND INFORMED ME, "HE REMOVED WHAT HE WANTED, THAT HE READ MY LETTERS AND TRASHED THE LEGAL PAPERS." I INFORMED HIM HE

9(6).

<u>VII. STATEMENT OF FACTS (CONTINUED):</u>

would be written up for his actions. Out of retaliation, defendant Johnson, on or about, 11:36 AM came to my cell, while I was on the toilet and, started to harass me for no cause. He asked me for a line I did not have, I was standing at the cell door removing the trash for after lunch clean up, while I was doing such, defendant Johnson, stated "Johnson the word is, you are gay, and I would love to fuck you in your ass". Defendant Johnson has wrote me letters, talking about how he wish for us to have sex, and how he wants to do me. He has put them in other inmates names, and would put them under my cell door. This was the reason he trashed my cell, looking for them, knowing I would turn them in, and write him up. He found them and removed them from the cell. I informed this defendant, I wish not to have anything to do with him in this manner, he become upset, and stated "he would get me." On June 27, 07, I filed an emergency "grievance / grievance of a sensitive nature, for sexual harassment, and misconduct," with the warden's office. On, July, 5, 07, the warden's office granted the complaint, and referred it to the investigative section of the inspector general for appropriate action. To date, (5) months has passed, and no action or word for, or from the inspector general's office, and this defendant is still harassing around me, with the same actions. It should be noted, a copy of my complaint was filed with the secretary, Florida Dept. of Correction, and was returned without action, dated July 18, 07.

9 (H).

VII. STATEMENT OF FACTS (CONTINUED):

On 10/9/07, at (12:00 p.m.), I was provided a copy of a D.R., for 2-4. fighting on, 9/29/07. On 9/10/07 the team held the hearing I was present and was found "guilty," "Based on officer statement." The D.R. was written by, T.E. Defendant, Miranda, whom did nothing to protect me even with Defendant, T. Barbiana. On 9/11/07, I filed my, formal grievance appeal, on many violations, and the outcome was: the institution, denied the appeal, attached. And a emergency grievance was filed with the warden, and on, 10/16/07, the outcome was: the complaint was, approved and referred to the investigative section of the office of the inspector general.

(12) 10/10/07 at. 9:47 a.m., Defendant, Lt. R. Austin came to my cell door (G3-109) and showed me a request form written by me requesting for protection, from him and other staff, that he shout stopped. I questioned him about what was the big deal, and he stated, "Pussy nigga, the deal is, I hate homosexuals," he went on to state, "Just chill. I got, you mark my words I am going to beat, gas and kill your ass, your sweet ass, trust me, I will gas the black off you!" It should be noted the same defendant, came to my cell on, 10/7 and 10/5 and harassed and threatened me in the same manner, and that he would have someone see me on the next shift. That was on the 5th of about. (10:55 a.m.). On 10/10/07, I filed a "emergency grievance" for, threats on my life. and misconduct, on 10/11/07, the (Asst.) warden, Mrs. S. Porter, granted the complaint and referred it to the investigative section of the inspector general for appropriate action..

9(K).

VII. STATEMENT OF FACTS (CONTINUED):

(13). ON 10/5/07 AT. 5:55 PM, JUST AS DEFENDANT, AUSTIN TOLD ME "SOMEONE ON THE NEXT SHIFT WOULD BE COMING TO SEE ME." DEFENDANT. A. CLEM, FALSELY WROTE ME A D.R. FOR, 1-3. SPOKEN THREATS, HE CLAIM, "HE WAS CONDUCTING CELL SEARCHES IN GUARD THREE." "INMATE PORTER, REFUSED TO SUBMIT TO HAND RESTRAINTS AND EXIT HIS CELL FOR A CELL SEARCH." INMATE PORTER, STATED, "I AIN'T COMING OUT OF THIS CELL AND IF YA'LL COME IN, I'M FUCKING SOMEONE UP. YOU BETTER CHECK MY RECORD. IN FACT, WHY DON'T YOU COME IN, SO I CAN BEAT YOUR FAT ASS".

DEFENDANT. CLEM, STATED: "I WAS TOLD YOU DO THIS BY DEFENDANT, AUSTIN! DON'T TAKE IT PERSONAL". ON, 10/11/07, THE TEAM HELD THE HEARING, I WAS PRESENT, AND WAS FOUND "GUILTY," "BASED ON OFFICER STATEMENT." ON, 10/11/07, I FILED MY FORMAL GRIEVANCE APPEAL, AND ON: FAIL TO RESPOND THE WARDEN RESPONDED, AND: THE PLAINTIFF WILL AMEND AT A LATTER DATE, IF RESPONSE IS FILED, TO THIS APPEAL.

(14). FOR THE HEREIN, AND STATED FACTS, I AM UNDER IMMINENT DANGER OF MY LIFE, FROM THE USE OF EXCESSIVE FORCE, SEXUAL HARASSMENT, THREATED ATTEMPTS UPON MY LIFE, ATTEMPT RAPE, THE PHYSED ASSUALT BY DEFENDANTS, AND OTHER FACTS, STATED IN THIS ACTION; IMMINENT DANGER HAS BEEN SHOWED AND STATED.

VIII.   <u>RELIEF REQUESTED</u>:   State briefly what you want the Court to do for you.  Again, do not make any legal arguments or cite any cases or statutes.

WHEREFORE, plaintiff requests that the court grant the following relief: (A) issue a declaratory judgment stating that: (1) the physical abuse of the plaintiff by defendant Knapp violated the plaintiff's rights under the eighth amendment of the united states constitution.

(SEE RELIEF CONTINUED)

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this _06th_ day of _NOVEMBER_ , 2 _007_ .

(Signatures of all Plaintiffs)

2. Defendant Barfield's failure to intervene to prevent the misuse of force violated the plaintiff's rights under the Eighth Amendment to the United States Constitution.

3. Defendants Knipp and Barfield failure to provide adequate Medical Care for the plaintiff violated, and continue to violate, the plaintiff's rights under the Eighth Amendment to the United States Constitution.

4. Defendant Mitts' failure to provide adequate Medical Care for the plaintiff violated, and continue to violate, the plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Award Compensatory damages in the following amounts:

1. $100,000 against defendant Knipp for the physical and emotional injuries Sustained as a result of the plaintiff's beating.

2. $50,000 against defendant Barfield for the physical and emotional injuries Sustained resulting from his failure to intervene to prevent the misuse of force upon the plaintiff.

3. $50,000 each against defendants Knipp and Barfield for the physical and emotional injuries Sustained resulting from their failure to provide adequate Medical Care to the plaintiff.

4. $50,000 against defendant Mitts for the physical and emotional injuries Sustained resulting from his failure to provide adequate Medical Care to the plaintiff;

C. Award punitive damages in the following amounts:

1. $20,000 against defendant Knipp;

2. $10,000 each against defendants Barfield and Mitts.

D. Grant Such other relief as it may appear that plaintiff is entitled. $20,000 against defendants, Thixon, Sims, Bates, Louisiana, Austin, Mixer, ann Cline, for their actions/inactions.

(10 A)

Respectfully Submitted,

(S): _____
MASON PORTER, PRO-SE # L-37704
CHARLOTTE CORRECTIONAL INSTITUTION
33123 OIL WELL ROAD
PUNTA GORDA, FLA. 33955

(10 B)